Matter of Glibowski (2020 NY Slip Op 01344)





Matter of Glibowski


2020 NY Slip Op 01344


Decided on February 26, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
COLLEEN D. DUFFY, JJ.


2018-08665

[*1]In the Matter of Walter Glibowski, admitted as Walter John Glibowski, an attorney and counselor-at-law, Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Walter Glibowski, respondent. (Attorney Registration No. 4107611)



DISCIPLINARY PROCEEDING commenced by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, pursuant to 22 NYCRR 1240.8, against the respondent by the service and filing of a notice of petition dated July 18, 2018, and a verified petition dated July 12, 2018. After the respondent served and filed a verified answer dated August 6, 2018, the Grievance Committee served and filed a statement of disputed and undisputed facts dated August 27, 2018, pursuant to 22 NYCRR 1240.8(a)(2), which the respondent did not challenge. By decision and order on application dated October 1, 2018, this Court referred the issues raised to the Hon. Patricia M. DiMango, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on April 9, 2003, under the name Walter John Glibowski.



Diana Maxfield Kearse, Brooklyn, NY (Mark F. DeWan of counsel), for petitioner.
Walter Glibowski, Mineola, NY, respondent pro se.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a verified petition dated July 12, 2018, containing five charges of professional misconduct. By his verified answer, as amended, the respondent admitted the charges. After a pretrial conference on December 17, 2018, and a hearing on January 3, 2019, the Special Referee issued a report dated March 12, 2019, sustaining all charges. The Grievance Committee now moves for an order confirming the report of the Special Referee, imposing such discipline upon the respondent as the Court deems appropriate, and for such other relief as the Court may deem just and equitable. Although duly served with the Grievance Committee's motion, the respondent has not submitted papers in response or requested additional time in which to do so.
Charge one alleges that the respondent misappropriated funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
The respondent maintained an attorney escrow account at Citibank, N.A., account no. x0920, entitled "Walter Glibowski, Atty at Law/Attorney Escrow" (hereinafter the escrow account). On October 4, 2012, the respondent deposited $20,000 into the escrow account, representing a settlement for his client, Jean Sainvil. On October 15, 2012, the respondent issued a check in the [*2]amount of $10,000 to Sainvil, and gave him $553 in cash, both disbursed from the escrow account. The respondent was required to retain $2,800 in the escrow account in order for Sainvil to satisfy a lien against the settlement.
By January 18, 2013, the balance in the escrow account had been depleted to $715, below the $2,800 that the respondent was required to maintain for Sainvil. By June 10, 2013, the balance in the escrow account was negative $43.55. As of June 10, 2013, the respondent had neither paid the outstanding lien nor remitted the funds allocated for the lien to Sainvil.
Charge two alleges that the respondent commingled personal funds with funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
Between October 4, 2012, and in or about January 2013, the respondent maintained funds entrusted to him as a fiduciary, incident to his practice of law, in the escrow account. During this period, the respondent allowed personal funds, in the form of earned legal fees, to remain in the escrow account.
Charge three alleges that the respondent made cash withdrawals from the escrow account, in violation of rule 1.15(e) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
Between December 2012, and June 2013, the respondent made at least 70 automatic teller machine cash withdrawals from the escrow account.
Charge four alleges that the respondent failed to timely file retainer and closing statements in connection with personal injury cases, in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
The respondent was retained to represent Sainvil and Bruce Mitchel in personal injury matters. Pursuant to 22 NYCRR 691.20(a), the respondent was required to file retainer statements with the Office of Court Administration within 30 days of being retained. The respondent failed to timely file the required retainer statements for the matters involving Sainvil and Mitchel.
In or about October 2012, the respondent received settlements for Sainvil and Mitchel. Pursuant to 22 NYCRR 691.20(b), the respondent was required to file closing statements with the Office of Court Administration within 15 days of receiving the settlements. The respondent failed to timely file closing statements with the Office of Court Administration in connection with the aforesaid personal injury matters.
Charge five alleges that the respondent failed to maintain required bookkeeping records for the escrow account, in violation of rule 1.15(d) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
The respondent failed to maintain a ledger book or similar record for the escrow account showing the source of all funds deposited therein; the names of all persons for whom funds were held; the amount of such funds; the charges or withdrawals from the account; and the names of all persons to whom such funds were disbursed.
In view of the evidence adduced and the respondent's admissions, we find that the Special Referee properly sustained the charges. Accordingly, the Grievance Committee's unopposed motion to confirm the report of the Special Referee is granted.
In determining the appropriate measure of discipline, the record confirms that the respondent failed to honor his obligation as a fiduciary and to abide by the rules governing the
maintenance of an attorney's special account. Indeed, he misappropriated the Sainvil funds, commingled personal funds in the escrow account, made numerous cash withdrawals from the escrow account, and failed to keep all required bookkeeping records. We have also considered the respondent's unblemished prior disciplinary history.
Under the totality of the circumstances, we find that the respondent's conduct warrants his suspension from the practice of law for a period of two years (see Matter of Pupke, 166 AD3d 49; Matter of Kalba, 164 AD3d 39).
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and DUFFY, JJ., concur.
ORDERED that the Grievance Committee's unopposed motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Walter Glibowski, admitted as Walter John Glibowski, is suspended from the practice of law for a period of two years, commencing March 27, 2020, and continuing until further order of this Court. The respondent shall not apply for [*3]reinstatement earlier than September 27, 2021. In such application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that during the period of suspension, he (1) refrained from practicing or attempting to practice law; (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a); and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Walter Glibowski, admitted as Walter John Glibowski, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that, pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Walter Glibowski, admitted as Walter John Glibowski, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another; (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority; (3) giving to another an opinion as to the law or its application or any advice in relation thereto; and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Walter Glibowski, admitted as Walter John Glibowski, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court